Shotwell's Administratrix *v.* Struble.

SHOTWELL'S ADMINISTRATRIX *vs.* STRUBLE and WIFE.

1. Bill for injunction to restrain proceedings at law upon a note and sealed bill, alleged to have been given when the maker was incompetent, and also through undue influence, and also alleging that there was a pretended consideration of the conveyance or release of some lands, and asking a discovery of the consideration, and of the value thereof. Defendants answer that the consideration of the note was the release of their interest in some lands, but decline to state the value of the lands, on the ground that the release of the lands, and not their value, was the consideration; and as to the bill, that, being under seal, it needs no consideration. Motion to dissolve denied. Defendants must answer fully as to the value of the lands.

2. The complainant is entitled to a discovery of the consideration of the sealed bill, not on the ground that it would be void without consideration, but on the ground that the want of consideration, together with the imbecility of the testator and some undue influence used by the defendant in procuring its execution, might at law render the bill invalid, when the same imbecility or influence would not affect its validity, if given for a plain and acknowledged debt, justly due from the intestate.

3. If the sealed bill was obtained legally and without fraud, though without consideration, the defendants will be entitled to recover upon it

but in such case it was an advancement by the intestate, and must be brought into hotch-pot before distribution of the personal estate, and the consideration must be disclosed.

---

The defendants moved for a dissolution of the injunction heretofore granted in this case. The motion was founded upon the bill, and answer of the defendants.

*Mr. McCarter,* in support of the motion.

*Mr. Kay* and *Mr. R. Hamilton,* contra.

THE CHANCELLOR.

This suit is for discovery and injunction. The complainant is the widow and administratrix of James Shotwell, deceased. The defendant, Hannah Struble, is a daughter of James Shotwell. Shotwell had an attack of paralysis on the 24th of March, 1866, and another in July, 1867; from the last he never recovered, and shortly after died. On the 31st of March, 1866, he gave to Hannah Struble his note for $3000, payable, with interest, in five years, to her or bearer; and on the 28th of April, 1866, he gave to her a sealed bill for $3000, payable to her or bearer one day after date. This note and bill were after his death presented by Hannah to the complainant for payment, and on refusal, suits were brought upon both, at law.

The complainant alleges that this note and this bill were procured by the defendant from the intestate when his intellect was impaired by the paralysis, and he was not capable to transact any business; that they were procured by undue influence, and were without consideration. She prays that the proceedings at law may be enjoined. The bill prays a discovery of the manner in which this note and bill were procured from the testator, and of the consideration of each, and after stating a pretence that the note was given for the conveyance or release of certain property, it prays a discovery of what the consideration consisted, and its amount and value.

The defendants answer fully as to the time and manner of giving the note and bill, as to the capacity of the testator, the undue influence, and some other circumstances inquired into. As to the consideration of the note, the answer states that certain lands had descended to the defendant, Hannah, from her deceased mother, and that the intestate, being only tenant by the curtesy, had conveyed these in fee with full covenants of warranty; that the intestate proposed to her if she would release her estate to his grantee he would give her his note for $3000; thereupon the defendants released these lands as requested, and the intestate gave her this note. That the interest of the defendant, Hannah, in the lands which were released was not susceptible of valuation in money, except by estimation, and that the same was estimated at the time, for the purpose of affixing revenue stamps to the release, at $400. And the answer insists that the consideration of the note was not only the value, either real or estimated, of the interest of the said Hannah in the lands, but also the execution and delivery of the release. The answer discloses no further, the nature or value of the consideration. It refuses to disclose the consideration of the sealed bill, on the ground that being under seal it imports a consideration, and cannot be impeached either at law or in equity for want of a consideration, and therefore the defendants are not bound to disclose it.

The defendants ask that the injunction should be dissolved on the ground that they have fully answered the equity of the bill. As to the note, the bill alleges that there was no consideration, and that there was a pretended consideration of the conveyance or release of some lands, and expressly asks for a discovery of the consideration, and of the value of the consideration. The defendants answer that the consideration was the release of their interest in some lands, but decline to state the value of these lands, on the ground that the release of the lands, and not the value of the lands was the consideration. The ruling of the Supreme Court in the case of *Beninger* v. *Corwin*, 4 *Zab.* 257, is relied on to sup-

port this distinction. But the circumstances of that case are altogether different from the present; there the note was given on an exchange of horses, for the difference in the value agreed upon by the parties. The court, on the trial, had instructed the jury that if there was no difference in the value, the note was without consideration and void. In reviewing the case, the Supreme Court held that in that case, like in case of a sale for a stipulated price where there was no fraud, the purchaser was bound to pay the price agreed upon, and not the value of the article purchased, and that a note given for such stipulated price could not be impeached for want of consideration.

In this case, if the value of the land had been $3000, or if in a bargain for the release of the land, the intestate had agreed to give her $3000, as an estimate of its value or the value of the release to him, it might have been a valid consideration for a note for that amount. But an offer by a father to give his daughter a note for $3000, if she will release lands worth $400, cannot be taken as a bargain to give that amount for the lands, but the natural and legal construction of such offer is, that the note, beyond the value of the lands, is intended as a gift or advancement, and under the circumstances of this case as detailed in the answer, I can have no doubt that such was the intention of the father, and the understanding of the daughter.

An offer to give a note for $3000, for the surrender of a bond or mortgage for $500, can only be construed as a gift or gratuity of $2500. And a release of lands worth $400, would make such note a gift, or without consideration as to $2600, on the same principle; and the complainant was entitled to a discovery of the value of the land. And even if this cause should be permitted to be tried at law, the injunction could not be dissolved until the defendants had fully answered as to the value, which surely can be done approximately, if not with precision. This is a material part of the discovery sought, and the injunction must be retained until it is made. Besides, according to the decision

in *Metler's Administrators* v. *Metler*, 3 *C. E. Green* 270, affirmed by the Court of Appeals, 4 *C. E. Green* 457, this court, on a bill filed to set aside a negotiable note void for want of consideration, will retain the bill after answer, although the defence could be made at law. And if in this case, as by inference may be fairly taken from the answer, the property released was worth $400 only, the note may be good as to that amount, and invalid as to the residue; and it would be more properly a subject of equity jurisdiction, as it can be declared void upon payment of that amount.

As to the sealed bill, the complainant has the right to have a discovery of the consideration, not on the ground that it would be void without consideration—a sealed bill is valid both at law and equity, without any consideration—but on the ground that the want of consideration, together with the imbecility of the intestate, and some undue influence used by the defendant in procuring its execution, might at law render the bill invalid, when the same degree of mental imbecility or exercise of influence would not affect its validity if given for a plain and acknowledged debt justly due from the intestate. That the answer denies the imbecility and the influence, though sufficient so far as they are concerned to dissolve the injunction, will not prevent the complainant from setting them up in the suit at law, nor will this court infer from such denial that the complainant cannot successfully sustain them in any degree. That denial is only of avail to dissolve the injunction so far as these matters are concerned, but does not take the defendants out of the rule requiring a full answer to every material equity of the bill before the injunction will be dissolved. Besides, it may appear if the true consideration of this sealed bill was disclosed, that it was given in lieu of, and as a substitute for, the note of $3000, given to the defendant four weeks before, which the intestate might have supposed to be invalid in whole or in part.

In the situation of this complainant, who finds that three sealed bills given by her husband to the children of his first

wife, secretly and without her knowledge, with the promissory notes of which she had knowledge, will take from her and his children by her, one-half of his personal estate, she is entitled to a full disclosure of the consideration of these promissory notes, before she pays them or allows judgment at law to be obtained against her. The consideration may be usurious, or in other respects illegal, and she is entitled to know it, that she may plead and set up such illegality. If this sealed bill was obtained legally and without fraud, although without consideration, the defendants will be entitled to recover upon it, but in such case it would be an advancement by the intestate, which the complainant must bring into the hotch-pot before distributing the personal estate.

Besides, this is one of those cases in which the discretion of the court should be exercised in retaining the injunction until the final hearing of the cause. If these moneys should be recovered by, and paid to the defendant, the complainant could have no redress, although it should clearly appear on the final hearing of the cause, that the note and bill were illegal and void, while the injury to the defendants by the delay of the payment of money bearing interest cannot be very great.

The motion to dissolve must be denied with costs.